Filed 3/2/22  P. v. Jackson CA2/7
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ARTHUR DUANE JACKSON,<br><br>　　　Defendant and Appellant. | B296340<br><br>(Los Angeles County<br>Super. Ct. No. NA020015) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded with directions.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Attorney General, and Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

Arthur Duane Jackson, convicted in 1994 of attempted murder and carjacking, appealed the summary denial of his petition for resentencing under Penal Code section 1170.95,[1] contending the superior court had erred in ruling section 1170.95 did not apply to attempted murder and denying his petition without appointing counsel and conducting a hearing at which the parties could present evidence. We affirmed the order based on prior decisions from this and other courts of appeal that had rejected identical arguments.

After granting Jackson's petition for review, the Supreme Court transferred the case to us with directions to vacate our prior decision and reconsider Jackson's appeal in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). In supplemental briefing Jackson again argues the case should be remanded for the superior court to appoint counsel, issue an order to show cause and conduct an evidentiary hearing. The Attorney General agrees in part, contending on remand the superior court should appoint counsel for Jackson and conduct proceedings pursuant to section 1170.95, subdivision (c), to determine whether Jackson has made a prima facie case for relief, and, if he has, to issue an order to show cause. We agree with the Attorney General, reverse the order denying Jackson's petition and remand with directions to appoint counsel and proceed in accordance with section 1170.95, subdivision (c).

---

[1] Statutory references are to this code.

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson was convicted following a jury trial in December 1994 of attempted willful, deliberate and premeditated murder and carjacking with a true finding he had personally used a firearm when committing the offenses. The court sentenced Jackson to an indeterminate life term in state prison.

On appeal we corrected a sentencing error but otherwise affirmed Jackson's judgment of conviction, as well as the judgment of conviction of Jackson's codefendant, John Holani. (*People v. Jackson* (Jan. 17, 1996, B090217).)[2] Our opinion's description of the underlying facts indicated both Jackson and Holani displayed firearms when robbing a tow truck driver who had been called to tow their disabled car, but it was Holani who ordered the driver out of the car and then shot him as he lay on the ground.

In January 2019 Jackson petitioned for resentencing pursuant to section 1170.95 and requested the court appoint counsel for him during the resentencing process. In his petition Jackson declared under penalty of perjury, "At trial, I was convicted of 1st or 2nd degree attempted murder pursuant to the felony [murder] rule or the natural and probable consequences doctrine." The court summarily denied the petition on February 6, 2019, ruling, "[S]ection 1170.95 applies to murder, not attempted murder. Therefore, Petitioner does not qualify for resentencing." In its minute order the court noted Jackson was not present in court and was not represented by counsel.

Jackson filed a timely notice of appeal.

---

[2] Our opinion was originally published. The Supreme Court granted review (Mar. 28, 1996, S051863) and then dismissed review (Oct. 23, 1996) without directions to publish the decision.

3

**DISCUSSION**

1. *Senate Bill No. 1437, Senate Bill 775 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis*, *supra*, 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.) As amended by Senate Bill 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)),[3] and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and

---

[3] Prior to enactment of Senate Bill 775 the requirement to appoint counsel was set forth in subdivision (c) of section 1170.95.

4

determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecutor has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The court may consider evidence previously admitted at any prior hearing or trial "that is admissible under current law," including testimony and stipulated evidence. (*Ibid.*) The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid.*)

> 2. *Remand Is Necessary for the Superior Court To Appoint Counsel and Conduct a Hearing To Determine Whether Jackson Has Made a Prima Facie Case for Relief*

Under *Lewis*, *supra*, 11 Cal.5th 952, decided a year after our original decision affirming the order summarily denying Jackson's petition for resentencing, once a petitioner files a facially sufficient petition under section 1170.95 and requests appointment of counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c). (*Lewis*, at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon filing of a compliant petition"].) And among other changes, Senate Bill 775 amended section 1170.95, subdivision (a), to

5

expressly permit relief for petitioners convicted of "attempted murder under the natural and probable consequences doctrine" if they could not now be convicted of attempted murder because of changes to sections 188 and 189 effected by Senate Bill 1437. In light of *Lewis* and Senate Bill 775, it was error to summarily deny Jackson's petition for resentencing relief.

Although the superior court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis*, *supra*, 11 Cal.5th at page 971, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." Because the superior court summarily denied Jackson's petition without first inviting briefing from the prosecutor or Jackson's appointed counsel, transcripts and other material from Jackson's trial were not submitted to the court and are not in the record on appeal now before us. Accordingly, the case is properly remanded to the superior court for proceedings pursuant to section 1170.95, subdivision (c), to determine whether anything in the record of conviction establishes Jackson's ineligibility for relief as a matter of law.[4] If not, the court must issue an order to show cause and hold an evidentiary

---

[4]  Although Jackson argues he made the required prima facie showing, relying on the absence in the record of anything refuting the statements in his declaration that he was entitled to relief, elsewhere in his supplemental brief he acknowledges that, "under *Lewis*, remand is necessary for the trial court to appoint counsel [and] review the record of conviction to determine if appellant has made a prima facie case . . . ."

hearing pursuant to section 1170.95, subdivision (d), as amended by Senate Bill 775.[5]

## DISPOSITION

The postjudgment order denying Jackson's petition for resentencing is reversed.  The matter is remanded for the superior court to appoint counsel; to hold a hearing to determine whether Jackson has made a prima facie case for relief; and, if he has, to issue an order to show cause and hold an evidentiary hearing applying the standard of proof and evidentiary rules as set forth in section 1170.95, subdivision (d)(3).

PERLUSS, P. J.

We concur:

SEGAL, J.          FEUER, J.

---

[5]     Jackson's contention the superior court violated his federal due process rights by failing to appoint counsel was rejected by the Supreme Court in *Lewis, supra*, 11 Cal.5th at p. 973 ["a petitioner is not constitutionally entitled to counsel at the outset of the subdivision (c) stage of the section 1170.95 petitioning process"].)  We need not address his related assertion he had a constitutional right to a hearing once he filed a facially compliant petition in light of our recognition of that right as a matter of state law.